

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.   3:19-cr- 195-J-20MCR

SIERRA MARVETTE TOWNSEND       Ct. 1        18 U.S.C. § 1349
LASHUNDRA MONYETT GIBBS        Cts. 2-7     18 U.S.C. § 1343
KATRINA MONIQUE MORRIS

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (CONSPIRACY TO COMMIT WIRE FRAUD)

#### A.   Introduction

At all times material to this Indictment:

1.      TJX is the parent company of TJ Maxx, Marshalls, and

HomeGoods. TJX operates stores throughout the United States including in

Florida, Georgia, and South Carolina.

2.      TJX stores sell a variety of consumer products including

bedding and personal care items.

3.      Customers making a return without a receipt at TJX stores are

given a store gift card for the amount of the return.

4.  TJX maintains data center(s) outside of Florida that assists in processing customer transactions to include returns.

## B.  Conspiracy

Beginning on an unknown date, but not later than in or about 2017, and continuing through in or about February 2019, in the Middle District of Florida, and elsewhere, the defendants,

SIERRA MARVETTE TOWNSEND,
LASHUNDRA MONYETT GIBBS,
KATRINA MONIQUE MORRIS,

did unlawfully, knowingly, and willfully combine, conspire, confederate and agree with each other and other persons, both known and unknown to the grand jury, to devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions via wire communication in interstate and foreign commerce of any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 1349.

## C.  Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

1.     It was part of the manner and means of the conspiracy that

SIERRA MARVETTE TOWNSEND, LASHUNDRA MONYETT GIBBS,

and KATRINA MONIQUE MORRIS (defendants) would enter TJX stores

without merchandise.

2.     It was further part of the conspiracy that the defendants would

sometimes bring an empty shopping bag with them, as they entered TJX stores.

3.     It was further part of the conspiracy that once inside a TJX store

the defendants would proceed to the bedding and / or personal care area.

4.     It was further part of the conspiracy that once in the bedding

and / or personal care area the defendants would place merchandise in a

shopping cart, shopping bag, and / or carry the merchandise.

5.     It was further part of the conspiracy that the defendants would

take the merchandise to a TJX employee and attempt to return the

merchandise that the defendants never purchased.

6.     It was further part of the conspiracy that the defendants would

receive store gift cards in exchange for fraudulently returning the merchandise.

7.     It was further part of the conspiracy that the defendants would

use and / or sell the fraudulently obtained store gift cards.

## COUNTS TWO - SEVEN
## (WIRE FRAUD)

### A.  Introduction

Paragraphs 1 through 4 of Part A, Introduction, of Count One of this Indictment, are realleged and incorporated by reference as if fully set forth herein.

### B.  Scheme

Beginning on an unknown date, but not later than in or about 2017, and continuing through in or about February 2019, in the Middle District of Florida, the defendants,

> SIERRA MARVETTE TOWNSEND,
> LASHUNDRA MONYETT GIBBS,
> KATRINA MONIQUE MORRIS,

did unlawfully, knowingly, and willfully combine, conspire, confederate and agree with each other and other persons, both known and unknown to the grand jury, to devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representation, and promises.

### C.  Manner and Means

Part C of Count One of this Indictment, Manner and Means, is realleged and incorporated by reference as if fully set forth herein.

## D.  Execution

On or about the dates set forth below, in the Middle District of Florida,

and elsewhere,

SIERRA MARVETTE TOWNSEND,
LASHUNDRA MONYETT GIBBS,
KATRINA MONIQUE MORRIS,

the defendants, for the purpose of executing such scheme and artifice to

defraud, and for obtaining money and property by means of materially false

and fraudulent pretenses, representations, and promises, caused to be

transmitted by wire in interstate commerce the following fraudulent returns

specified below:

| COUNT | DATE | AMOUNT | STORE |
|-------|------|--------|-------|
| TWO | 8/15/18 | $203.27 | HomeGoods Jacksonville, FL |
| THREE | 8/20/18 | $213.97 | HomeGoods Jacksonville, FL |
| FOUR | 9/09/18 | $364.72 | TJ Maxx Yulee, FL |
| FIVE | 9/09/18 | $128.38 | HomeGoods Yulee, FL |
| SIX | 9/19/18 | $213.96 | HomeGoods Yulee, FL |
| SEVEN | 10/01/18 | $294.19 | HomeGoods Yulee, FL |

In violation of 18 U.S.C. § Section 1343.

## FORFEITURES

1.    The allegations contained in Count One through Seven of this

Indictment are hereby realleged and incorporated by reference for the purpose

of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C)

and 28 U.S.C. § 2461(c).

2.    Upon conviction of a conspiracy of the violation of 18 U.S.C.

§ 1343, in violation of 18 U.S.C. § 1349, and/or upon conviction of the

violation of 18 U.S.C. § 1343, the defendants,

SIERRA MARVETTE TOWNSEND,
LASHUNDRA MONYETT GIBBS,
KATRINA MONIQUE MORRIS,

shall forfeit to the United States of America, pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offense.

3.    If any of the property described above, as a result of any act or

omission of the defendants:

  a.    cannot be located upon the exercise of due diligence;

  b.    has been transferred or sold to, or deposited with, a third
        party;

  c.    has been placed beyond the jurisdiction of the court;

  d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28

U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
KEVIN C. FREIN
Assistant United States Attorney

By: _____
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
10/30/19 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

### SIERRA MARVETTE TOWNSEND
### LASHUNDRA MONYETT GIBBS
### KATRINA MONIQUE MORRIS

## INDICTMENT

Violations:   18 U.S.C. § 1349
              18 U.S.C. § 1343

A true bill,

_____
Foreperson

Filed in open court this _31st_ day

of October, 2019.

_____
Clerk

Bail   $_____

GPO 863 525